IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARRY LEE MERA,**

      **Plaintiff,**　　　　　　　　　　**CASE NO.:**

v.

**EVO PAYMENTS INTERNATIONAL, LLC,**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, BARRY LEE MERA, by and through his undersigned counsel, hereby sues Defendant, EVO PAYMENTS INTERNATIONAL, LLC, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act Amendments of 2008 ("ADAAA"), 42 U.S.C. Ch. 126 § 12101 et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. At all times material herein, Plaintiff, BARRY LEE MERA, was and is a resident of Hillsborough County, Florida.

4. At all times material herein, Defendant, EVO PAYMENTS INTERNATIONAL, LLC, was and is a foreign company, licensed and authorized to and doing business in Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On January 27, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). The Right to Sue was issued on March 1, 2021.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Sterling Payment Technologies as Security Administrator on or around January 20, 2015.

9. On or around January 31, 2016, Plaintiff was promoted to Senior Director of IT Security.

10. On January 6, 2017, EVO Payments International bought Sterling Payment Technologies.

11. On or around June 30, 2017, Plaintiff was moved into the role of Director IT Governance Risk and Compliance.

12. Plaintiff received increases in pay and bonuses in March 2018, March 2019, and March 2020 with an outstanding performance review.

13. On or around March 15, 2020, the Tampa location where Plaintiff worked closed due to covid-19 and he began working remotely from home.

14. On or around May 17, 2020, Plaintiff was diagnosed with cardiomyopathy.

15. On or around June 1, 2020, respondent partially re-opened the Tampa office.

16. On or around July 20, 2020, Plaintiff's doctor submitted ADA paperwork to respondent. Plaintiff was approved for an ADA accommodation on July 27, 2020 to work from home through December 31, 2020.

17. On November 6, 2020, Plaintiff confirmed that he would be returning to the office on January 6, 2021. However, after the rise in covid-19 case, Plaintiff emailed his immediate supervisor, Kelvin Arcelay, on November 25, 2020, informing him that he felt it was not in his best interest to return to work at the office.

18. On or around December 1, 2020, head of HR, Katie Lafiendra, called Plaintiff requesting that he come into the office. She said that EVO is not a work from home company even though they had been doing it for the last six months.

Plaintiff asked if she was aware of his approved ADA accommodations and she was not.

19. On or around December 10, 2020, Plaintiff received an outstanding review.

20. On January 4, 2020, Plaintiff continued to work remotely from home as he was waiting to receive updated ADA accommodation paperwork from his doctor. At the end of the day, Plaintiff received an email from Kelvin Arcelay confirming that Plaintiff was at the office and will be moving forward. Plaintiff responded that he was in the process of getting updated ADA accommodation paperwork from his doctor due to the rise in covid-19 cases and that his doctor would be submitting on his behalf.

21. Shortly afterwards, Plaintiff received an email from Katie Lafiandra with a termination letter effective immediately.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

22. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

23. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

24. Plaintiff is a qualified individual with a disability within the meaning

of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

25. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

26. Plaintiff raised concerns of discrimination and retaliation due to his disability.

27. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

    g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, BARRY LEE MERA, demands a trial by jury and a judgment against Defendant, EVO PAYMENTS INTERNATIONAL, LLC, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty

Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

28. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

29. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

30. The above-described acts constitute retaliation, in violation of the ADAAA.

31. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, BARRY LEE MERA, demands a trial by jury and a judgment against Defendant, EVO PAYMENTS INTERNATIONAL, LLC, in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

32. Plaintiff, BARRY LEE MERA, demands a trial by jury on all issues so triable.

**DATED** this 23rd day of March 2021.

         **FLORIN GRAY BOUZAS OWENS, LLC**

         */s/Christopher D. Gray*
         **CHRISTOPHER D. GRAY, ESQUIRE**
         Florida Bar No.: 902004
         Primary: chris@fgbolaw.com
         Secondary: debbie@fgbolaw.com
         **WOLFGANG M. FLORIN, ESQUIRE**
         Florida Bar No.: 907804
         wolfgang@fgbolaw.com
         16524 Pointe Village Drive, Suite 100
         Lutz, FL 33558
         Telephone (727) 254-5255
         Facsimile (727) 483-7942
         Attorneys for Plaintiff